**UNITED STATES of America,**
**Appellee,**

v.

**Mario FORTUNATO, Defendant–**
**Appellant,**

Anthony J. Bruno, Angelo Cerasulo, John Imbrieco, and Carmine Polito, Defendants.

Docket No. 02–1563.

United States Court of Appeals, Second Circuit.

Nov. 21, 2002.

Paul Shechtman, Stillman & Friedman, P.C., New York, NY, for Defendant–Appellants.

Daniel S. Dorsky, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, (Roslynn R. Mauskopf, United States Attorney, Cecil C. Scott, Assistant United States Attorney, on the brief), for Appellee.

Present OAKES, MINER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant appeals the District Court's oral ruling, pursuant to 18 U.S.C. § 3148(b), revoking his bail and remanding him into custody. For the reasons that follow, we affirm the decision of the District Court.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

### Background

Fortunato was charged, pursuant to a second superceding indictment dated August 9, 2002, with murder in the aid of conspiracy, RICO conspiracy, and conspiracy to obstruct justice, all in connection with the murder of Sabatino Lombardi and attempted murder of Michael Durso in a Brooklyn social club. After a hearing before Magistrate Judge Pollak on August 9, 2002, his bail was continued with new restrictions. The government subsequently moved to have his bail revoked, and Judge Glasser held a hearing on October 3, 2002. At the conclusion of that hearing, the district court found that the government's proffer had established that Fortunato had violated the conditions of his release, and that no combination of conditions would ensure his appearance, and granted the government's motion. Fortunato now argues that the district court erred in its reading of the evidence presented at the hearing, and that the factual error infected the legal conclusion the court reached.

### Analysis

This Court reviews the district court's determination of historical facts for clear error. *See United States v. LaFontaine,* 210 F.3d 125 (2d Cir.2000). Because the ultimate determination of whether any conditions will assure defendant's appearance is a mixed question of law and fact, *see United States v. Ferranti,* 66 F.3d 540, 542 (2d Cir.1995), this Court will set aside a finding if it is based on a mistake of law, *see United States v. Shakur,* 817 F.2d 189, 197 (2d Cir.1987), *cert. denied,* 484 U.S. 840, 108 S.Ct. 128, 98 L.Ed.2d 85.

A district court may revoke bail if, after a hearing, it finds that there is "clear and convincing evidence" that the defendant "has violated any ... condition of release." 18 U.S.C. § 3148(b)(1)(B), and if it finds that the defendant "is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b)(2)(B).

The government proffered extensive evidence of Fortunato's repeated violations of the terms of his release.[1] The transcript

---

**1.** It is well-settled law that the government may proceed by proffer at a bail or bail revo-

clearly reflects that the district court considered Fortunato's arguments about his motives and rejected them. ("In any event, the evidence is just clear and convincing that he has not abided by the conditions of release and pursuant to 3148(b) I'm revoking his bail and in accordance with 3148(b)(2) it would appear to me quite clearly that he's unlikely to abide by any conditions or combination of conditions."). The district court found that Fortunato's actions violated the terms of his release. Under the standard of review that we are bound to follow, we cannot conclude that the district court's factual findings were erroneous, much less clearly erroneous.

The judgment of the district court is **AFFIRMED.**

cation hearing. *See Ferranti,* 66 F.3d at 542 (citing *United States v. Salerno,* 481 U.S. 739, 743, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)).